UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE from the Holosiivskyi District Court of Kyiv, Ukraine, in the Matter of Feskov Oleksandr Mykhailovych | No. MC 25-80297 WHA<br><br>**ORDER GRANTING REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE** |

## INTRODUCTION

Pursuant to the Hague Convention and Section 1782(a), the United States of America seeks an order appointing a government attorney to serve as commissioner to execute a request for international judicial assistance from the Holosiivskyi District Court of Kyiv, Ukraine and directed toward Cloudflare, Inc. For reasons below, the request is granted.

## STATEMENT

The Holosiivskyi District Court of Kyiv, Ukraine submitted a letter of request to the United States. In that court pends a preliminary evidentiary proceeding, which there is conducted to develop sufficient facts before a full-blown lawsuit can be filed. Plaintiff Feskov Oleksandr Mykhailovych seeks to identify the owner or registrant of the www.newsroom.kh.ua website so that he can file a lawsuit contending that www.newsroom.kh.ua has disseminated "false and denigrating information about his business, harming his dignity, honor, business

reputation, and discrediting his business" (at 1).[1]  Cloudflare, Inc. is the hosting provider of this website, may be able to identify the website's owner and registrant, and is based in the United States.  The Ukrainian Court thus has directed the discovery inquiry our way (at 1).

Upon receiving this request via the Hague Convention, Assistant United States Attorney for the Northern District of California Sarah Balkissoon forwarded it to Cloudflare to see if it might voluntarily provide the information (Balkissoon Decl. ¶ 4).  It would not do so, requiring legal process instead.  This prompted the instant application under Section 1782(a).

Magistrate Judge Joseph Spero ordered that the request be served upon Cloudflare and that Cloudflare respond directly on the docket by October 15, 2025 (Dkt. No. 3).  Cloudflare received service on September 23 (Dkt. No. 5).  Cloudflare's deadline to respond came and went.  Meanwhile, the United States declined to proceed before a magistrate judge, bringing the matter before the district judge, who extended the deadline set by Judge Spero but otherwise demanded compliance (Dkt. No. 9).

Cloudflare now responds.  It "takes no position on the issuance of the subpoena, but it reserves all rights and objections with respect to the subpoena if it does issue" (Dkt. No. 11).  Cloudflare also reports that it received a report that the owner of the publication is "in a trench, defending his country and his family.  He cannot even receive phone calls" (*id.* Exh. A).  The upshot is that preparing any legal response during wartime would be difficult.

**ANALYSIS**

The Supreme Court has held that an application for judicial assistance under Section 1782 is properly granted if (1) the statute's three requirements are met to authorize assistance, and (2) the district court finds that discretionary factors weigh in favor of assistance, with four such "factors that bear consideration" having been defined in *Intel Corp. v. AMD, Inc.*, 542 U.S. 241 (2004).

---

[1]  Bare citations to pages are to the blue paginations imprinted by the filing system in Dkt. No. 1.

1.  **STATUTORY AUTHORIZATION.**

Section 1782(a) sets forth three requirements that if met authorize but do not require a court to order discovery (numbering and emphasis added):

> The district court of the district **[i]** in which a person *resides* or is found *may* order him to give his testimony or statement or to produce a document or other thing **[ii]** for *use in a proceeding* in a foreign or international *tribunal*, including criminal investigations conducted before formal accusation. The order may be made **[iii]** pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of *any interested person* and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. [The provision then continues to limit what discovery can be ordered and how.]

*First*, Cloudflare is headquartered in San Francisco (at 15). *See Intel*, 542 U.S. at 251 n.5. *Second*, the information is for use in a preliminary evidentiary procedure pending in the Ukrainian court. That suffices as a sufficiently adjudicatory, government proceeding. *Id.* at 258–59; *ZF Auto US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 628 & n.2 (2022). *Finally*, both the court making the request and the real party in interest, Mykhailovych, are indeed interested in the material sought. *See Intel*, 254 U.S. at 256–57.

The statute authorizes an order granting this request.

2.  **DISTRICT COURT AUTHORIZATION.**

"[A] district court is not required to grant a [Section] 1782(a) discovery application simply because it has the authority to do so." *Id.* at 264. Several considerations bear on an application. *See id.* at 264–65.

Because this request comes directly from the court in Ukraine, many of the ordinary concerns fall away. *First*, there plainly is a gap in the foreign court's power in need of filling. And, *second*, doing so at that court's request will not put this court crosswise with it. Moreover, *third*, for similar reasons and because this request is to be executed by AUSA Balkissoon, the risk that this request is intended to or indeed is permitted to surpass what the law permits in either country is small. *Finally*, it does not appear unduly burdensome. *See ibid.*

3

**CONCLUSION**

The request for appointment to execute the request (Dkt. No. 1) is **GRANTED**, with these provisions: This determination is without prejudice to Cloudflare moving to quash or modify the subpoena. To be clear, this order in no way blesses the scope of the subpoena. Upon service of the subpoena, Cloudflare shall object if at all in writing within **SEVEN CALENDAR DAYS**. If Cloudflare objects, the burden shall be on the requester to move to compel promptly. If Cloudflare does not object, however, then Cloudflare shall produce the requested evidence and notarized verification of production directly to the Office of the United States Attorney for the Northern District of California within **FOURTEEN CALENDAR DAYS** of service.

**IT IS SO ORDERED.**

Dated: December 24, 2025.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE